# STATE OF VERMONT

SUPERIOR COURT                            ENVIRONMENTAL DIVISION
Vermont Unit                                Docket No. 74-6-13 Vtec

| Connor Grp LLP Major Site Plan & CU Approval |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Multiple Types (74-6-13 Vtec)

Title:             Motion for Partial Summary Judgment (Motion 3)
Filer:             Connor Group, LLP
Attorney:     William A. Fead
Filed Date:    January 24, 2014

Response in Opposition filed on 02/28/2014 by Attorney Paul S. Gillies for Appellants Mark Prent, et al.
Reply filed on 03/11/2014 by Attorney William A. Fead for Appellee Connor Group, LLP

**The motion is DENIED.**

The pending appeal is set for a multi-day trial beginning on May 7, 2014. Applicant Connor Group, LLP ("Applicant") seeks summary judgment on one of several legal issues raised in the Statement of Questions filed by Appellants Peter D. Ford, Susan Prent, and Mark Prent ("Appellants"). Specifically, Applicant asks this Court to conclude that its plan to demolish the Smith House portion of its property conforms to the pre-conditions for demolition of historic structures established in §§ 706 and 708 of the Land Development Regulations for the City of Saint Albans ("Regulations").

We will grant summary judgment to a moving party (here, Applicant) only if that party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). In ruling on a summary judgment motion, the Court is directed to "accept as true the [factual] allegations made in opposition to the motion for summary judgment," as long as they are supported by reference to admissible evidence, and to give the non-moving party (here, Appellants) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c).

Applicant notes that its pending motion does not request summary judgment on the questions of whether the proposed new development conforms to the applicable conditional use and site plan review standards in the Regulations.[1]

In fact, Applicant's motion for partial summary judgment appears to focus on Regulations § 708(a)(8)(e)(i), which requires that an applicant present an assessment and inventory of the historic structure and its gardens, landscaping, and outbuildings, as well as further evidence that all efforts had been exhausted to salvage the historic structure.

The Court conducted multi-day hearings on Appellants' motion to stay demolition of the Smith House. The first two days resulted in the parties stipulating to a temporary stay; when that stay expired, Appellants filed a subsequent motion for a continued stay. After several more days of evidentiary hearings, this Court denied Appellants' request. See Entry Order of Nov. 20, 2013.

This procedural background provides important context for our ruling on the pending motion. In particular, although the Court denied Appellants' motion for a continued stay at the conclusion of the November 18, 2013 hearing, the Court <u>did not</u> specifically authorize Applicant to demolish the Smith House. In fact, the Court cautioned Applicant at the conclusion of the hearing that if it proceeded with demolition while this appeal was pending, it did so at its peril, since no final authorization has been issued on Applicant's request to demolish the Smith House portion of the building.

In support of its pending request for a judgment authorizing the planned demolition, Applicant has submitted an affidavit from its historic preservation consultant, Suzanne C. Jamele, as well as Ms. Jamele's initial and supplemental Historic Documentation Reports.

Appellants have submitted a critique of Ms. Jamele's report, prepared by their expert, Thomas Keefe. Mr. Keefe's report does not serve as an independent historic documentation report, but it identifies perceived deficiencies of Ms. Jamele's report. Mr. Keefe also references and cites to a rehabilitation evaluation he prepared at Applicant's request.

We recognize that Appellants' most recent presentation does not present contradicting facts, but rather suggests that Applicant's presentation is insufficient. However, in his most recent assessment, Appellants' expert references a prior evaluation he completed for a possible Smith House rehabilitation; his current assessment includes citations to the rehabilitative possibilities for the Smith House. While this evidence is sparse, we conclude that, when viewed in a most favorable light, Appellants' proffered evidence is sufficient to overcome Applicant's allegation that it has satisfied § 708(a)(8)(e)(i). Because we conclude that there is a genuine dispute of material fact and that Applicant is not entitled to judgment as a matter of law regarding conformance with § 708(a)(8)(e)(i), we **DENY** the pending motion for partial summary judgment and look forward to the parties' presentation of admissible evidence at trial.

---

[1] Applicant recently filed a separate motion, seeking judgment on Appellants' remaining legal issues. We will afford Appellants an abbreviated opportunity to respond to this new motion, given the pending trial date. We request that Appellants file their response to this recently filed motion no later than 4:00 p.m. on Monday, April 28, 2014.

**So ordered**.

Electronically signed on April 21, 2014 at 01:47 PM pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division


Notifications:
Paul S. Gillies (ERN 3786), Attorney for Appellant Peter D. Ford
Paul S. Gillies (ERN 3786), Attorney for Appellant Susan Prent
Paul S. Gillies (ERN 3786), Attorney for Appellant Mark Prent
William A. Fead (ERN 4606), Attorney for Appellee Connor Group, LLP
Co-Counsel for party 5 David Bond